# Exhibit 1

Ronald Ball (12322)
1594 N. Main St.
Farmington, UT 84025
Telephone: (801) 83700573
Facsimile: (801) 447-9424
ron@balllegal.com

Jennifer Nosack
5/22/18

ICEKEY INVESTIGATIONS
DAVID GALLUP MANAGING INVESTIGATOR
8 EAST BROADWAY
SALT LAKE CITY, UT 84111
435-513-0280
OTHERWISE SERVED BY: _____

## IN THE SECOND JUDICIAL DISTRICT COURT, DAVIS COUNTY
### STATE OF UTAH
800 W. State Street, Farmington, Utah 84025

| | |
|---|---|
| MARJORIE KELLER, AN INDIVIDUAL Plaintiff.<br><br>Plaintiff,<br>v.<br><br>MCDONALDS/TUCUMARCI TRANSFER,<br>Defendant | **SUMMONS**<br><br>Civil No: _____<br><br>Judge : _____ |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANTS, are herby summoned and required to file an answer with the above entitled court in writing to Plaintiffs Complaint, and serve upon or mail a copy to Ron Ball, Ron Ball P.C., Plaintiffs attorneys, 1594 N Main St., Farmington, UT 84025. Your written answer must be filed within **Twenty (20)** business days after service of the summons upon you. If you fail to timely file a written answer to the Complaint, judgment by default will be taken against you for the relief demanded in said Complaint. You may contact the Clerk of the Court at (801) 395-1079 to determine if the Complaint has been filed with the Court, and to obtain the case number and Judge.

DATED this 22rd day of May 2017.

/S/ Ronald Ball
Ron Ball
*Attorneys for Plaintiffs*

Ronald Ball (12322)
Ron Ball P.C.
1594 N. Main St.
Farmington, UT 84025
Telephone:  (801) 837-0573
Facsimile:  (801) 447-9424
ron@balllegal.com
*Attorney for Plaintiff*

---

**IN THE SECOND JUDICIAL DISTRICT COURT,
LAYTON DISTRICT COURT, DAVIS COUNTY
STATE OF UTAH
425 WASATCH DR., LAYTON, UTAH 84041**

---

| | |
|---|---|
| MARJORIE KELLER, AN INDIVIDUAL<br>Plaintiff.<br><br>v.<br><br>MCDONALDS/TUCUMARCI TRANSFER, a<br>   dba. Bob Derring, an Individual,<br>   Defendants | **COMPLAINT**<br><br><br>Civil No:  180700512<br><br>Judge :  John R. Morris<br><br>**JURY TRIAL DEMAND**<br>**(Tier 2)** |

Plaintiff by and though council submits this action for damages, including punitive damages, attorney fees and costs, to redress violations of Plaintiffs' constitutional and statutorily protected rights, state statutory and common law rights, and for equitable relief. This action is for damages to redress deprivation of rights under Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e, et seq., and related supplemental pendent state claims.

### I.   NATURE OF THE CLAIMS

1. This suit is brought by Plaintiffs under Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, et seq. ("Title VII"), 29 U.S. Code § 206(d) The Equal Pay Act of 1963, and UCA 34A-5-106 (a)(i)(C), (H), and (I).

2. Plaintiff, Marjorie Keller, is a fifty-nine (59) year-old female. At the time of the sexual harassment, Plaintiff was fifty-seven (57) years old. Plaintiff was exposed to repeated sexual harassment and inappropriate advances from Mr. Yone Taczn ultimately resulting in physical stress, emotional destress, and loss of earnings. During the time of employment with Defendants, Plaintiff was subjected sexual harassment then later subjected to a hostile work environment and retaliation created by corporate management ultimately leading to constructive termination.

3. Plaintiff seeks injunctive relief, economic damages, compensatory damages, liquidated damages, punitive damages, interest and attorneys' fees and costs.

## II. PARTIES

The preceding paragraphs are incorporated herein as if fully set forth herein.

Plaintiff Marjorie Keller resides in the State of Utah, Farmington City, Davis County at all relevant times material to this action and was employed by Defendant at all times relevant to the allegations in this Complaint.

Defendant MCDONALDS/TUCUMARCI TRANSFER., is a DBA registered in Farmington, Utah 84025. The State of Utah Corporate filing was expired at the time of the harassment (Exhibit 1). Its principal place of business at times material to this claim was Farmington, Utah 84025.

## III. JURISDICTION AND VENUE

The preceding paragraphs are incorporated herein as if fully set forth herein.

This Court has original jurisdiction under the provisions of Utah Code Ann. § 78A-5-102 with respect to Plaintiff's claims. Venue is proper with this Court pursuant to Utah Code Ann. §§ 78B-3-302(3), 307(2) as all causes of action arose and the violations alleged herein occurred in Layton City, Davis County, Utah.

With regard to the claims arising under Title VII, Plaintiff has complied with the administrative requirements set forth in 42 U.S.C. § 2000e-5 on or about May 3, 2017 Exhibit 2) . Ms. Keller filed notice alleging sexual harassment, hostile work environment, and retaliation charge with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Charge is attached hereto as Exhibit 3.

### IV.    GENERAL FACTUAL ALLEGATIONS

1. On or about October 24, 2015 Plaintiff was assigned to work in the men's restroom during the final clean up phase of the McDonalds opening. Plaintiff was assigned to work with Yone Taczn (who is male) in the restroom cleaning. While standing on a ladder cleaning Yone Taczn reached up under her blouse and fondled her right breast.
2. He then repeated the action three more times in quick succession. When the Plaintiff verbally objected Yone Taczn acted as if it was funny and brushed is off.
3. Plaintiff immediately reported the sexual assault immediately to a crew leader (Windy).

4. Windy the crew leader notified the Plaintiff that she would immediately notify the general manager Fernando of the assault.

5. Windy told the Plaintiff that she would take care of it and for her not to worry.

6. On December 8, 2015 while Plaintiff was working in the bathroom once again, Yone Taczn attempted to enter.

7. Plaintiff immediately put her hand out and told him to stay out. Yone Taczn just laughed and forced himself into the bathroom.

8. Yone Taczn then exposed his penis to the plaintiff, then used the urinal.

9. Plaintiff immediately ran out of the bathroom and notified the General Manager of the exposure. Fernando, the general manager said; "He would take care of it". Nothing was

done to protect the Plaintiff.

10. Kim, Fernando, and Windy began to treat the Plaintiff differently. Her hours were cut. She was required to ask for any sort of shift change, as opposed to making pencil changed as all other employees were allowed to do.

11. Starting December 10, 2015 Plaintiff started receiving text messages from the General Manager Fernando telling plaintiff not to tell anyone of the events with Yone Taczn.

12. On December 11, 2015 Plaintiff met with Fernando the general manager and "Kim" a corporate employee. They ignored her complaints and refused to make any work reassignments, notify police, or protect Plaintiff in any way.

13. Plaintiff was again assigned to work on a regular basis with Yone Taczn. Yone Taczn would wait outside by his van waiting for Plaintiff to end her shift and made threatening remarks and actions.

14. Plaintiff was told to keep quiet by management about the sexual assaults. McDonalds refused to make adequate protective actions.

15. The general basis for the discussion of the December 11, 2015 meeting was what to do with Yone Taczn.

16. Fernando asked Kim if they should move him to another store. Machelle was discussed during the meeting.

17. She was another worker that Yone Taczn had made to feel uncomfortable. She quit her job mid shift.

18. Two other workers, Britney and Miranda both experienced sexual harassment from Yone Taczn during this time.

19. February 3, 2016, Kim advised Plaintiff not to clean the men's room anymore.

20. February 5, 2016, A Farmington Utah police detective came into the store and questioned Yone Taczn.

21. February 11, 2016, The store owner, Bob Derring, visited the store and questioned the Plaintiff at length about the events with Yone Taczn.

22. February 19, 2016, Plaintiff was told to clean the men's restaurant by a visiting manager from Cheyanne.

23. When Plaintiff tried to explain that Fernando had agreed that she would not be required to clean the bathrooms while Yone Taczn was working.

24. The visiting manger said "He did not care, clean the bathroom".

25. Plaintiff was desperate to work as she was struggling and could not quit, hoping that at some time in the near future something would be done.

26. When the Plaintiff attempted to question what would be done she was told by the owner that "You started all this".

27. February 12, 2016, Plaintiff's schedule was changed without any notice from management. Her start time was moved one hour earlier.

28. This was after the final weekly schedule had been placed on the wall. Plaintiff took a quick look while leaving work on the 11th, and noticed the change. Had she not looked at the modified schedule she would have been an hour late to work.

29. February 24, 2016, Kim from corporate cam into the store and stated, "I do not know

why Yone Taczn did that to you, I can't get into his head, Move on, let it go".

30. Plaintiff knew that she was being told by corporate to drop the EEOC investigation and the police investigation.

31. February 27, 2016, Windy handed Plaintiff a blank piece of paper and said any days off you need, needs to be written down and turned in in advance as opposed to the regular practice utilized by all other employees to simply write on the draft schedule with pencil.

32. Fernando became angry when Plaintiff refused to be treated differently from all other employees.

33. At the end of the shift Fernando approached Plaintiff as she was leaving demanding that she draft a letter requesting any potential days off she my need.

34. He then became angry yelling infront of other employees. He said' "I have rights".

35. Fernando then said, "We should make this into a movie".

36. Then other employees started laughing.

37. Fernando notified Plaintiff that he had her on camera refusing to sign a days off request.

38. Fernando went so far as threatening to sue Plaintiff if she did not drop the complaint. Then Fernando told Plaintiff "I should fire you right now".

39. The confrontation lasted twenty (25) minutes. Fernando's last words were "Drop the charges" echoed by a fellow employee Jose.

40. During this same period Espi, another manager was openly hostile toward Plaintiff. She wold refuse to respond to simple questions from the Plaintiff.

41. February 9, 2016, Upon entering work Plaintiff was verbally abused by Windy. Windy said "Fuck" directed toward Plaintiff five (5) times within minutes. Apparently, a new girl "Alisha" had complained about Yone Taczn.

42. Later that day Plaintiff was told by Meranda to find a new job.

43. March 17, 2016, Espi one of the managers kept physically bumping into Plaintiff. The plaintiff then overheard a conversation between Espi and a new employee.

44. Following that conversation, the new employee would no longer talk to the Plaintiff.

45. March 24, 2016, Kim physically pushed Plaintiff causing bruise marks on her arm. (Exhibit 4)

46. During this period open hostility was directed toward the Plaintiff by additional employees.

47. Jose, just stares at Plaintiff without talking.

48. Kim, refuses to talk.

49. Jason, called Plaintiff "trash lady".

50. Courtney, stated, "Why are you working, should you be home collecting something like social security".

51. April 5 & 12, 2016, Windy stated "I'm watching you".

## V. FIRST CAUSE OF ACTION
### [Intentional Infliction of Emotional Distress]

52. The preceding paragraphs are incorporated herein as if fully set forth herein.
53. The actions of Management, Corporate, and the Store / franchise owner as described above were outrageous.
54. Sexual harassment is a *per se* intentional infliction of emotional distress.

## VI. SECOND CAUSE OF ACTION
### [Unlawful Employment Practices in Violation of Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, et seq]

55. The preceding paragraphs are incorporated herein as if fully set forth herein.
56. Defendant McDonalds/Farmington is an employer with more than 20 employees.
57. Plaintiff is a female and was discriminated against based on her sex.
58. Plaintiff was forced to endure a hostile work environment, retaliation, in addition to the initial sexual harassment.
59. Defendant McDonalds and Owner Bob Derring ratified the conduct of its General Manager by failing to require continual or even minimal sexual harassment training to staff.
60. Defendant McDonalds and Owner Bob Derring failed to prevent the General manager, his assistant managers and the workplace to protect its female employees from a workplace that was so permeated with offensive conduct toward its female employees as to create an abusive workplace and hostile work environment.
61. Defendant McDonalds and Owner Bob Derring failed to exercise reasonable care to prevent and correct promptly any sexually harassing behavior toward its female employees at the hands of its General, Assistant Managers, and fellow coworkers.

62. The Defendant failed to provide adequate preventative or corrective opportunities for its employees to utilize to stop or prevent the harassment that occurred by the hands of its management.
63. The Defendants harassing conduct was such that a reasonable woman in the Plaintiffs' position would consider it sufficiently severe or pervasive to alter the conditions of employment and to create an intimidating, hostile, or offensive working environment.
64. The harassment would not have occurred but for the Plaintiffs' gender.
65. The Defendants discriminated against Plaintiffs on the basis of sex and treated them differently than other employees.
66. Plaintiffs' refusal to submit to unwelcome advances resulted in tangible job detriment.
67. The offensive encounters with the General Manager, corporate, Bob Derring, and fellow employees had an effect on all Plaintiffs' psychological well-being,
68. As a result of the Defendants unlawful conduct in violated of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-, the Plaintiffs are entitled to injunctive relief; including promotion and back pay; emotional distress damages; prejudgment interest; and attorneys' fees and costs expended in this action.
69. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiffs have suffered and continue to suffer losses in earnings, equity and other employment benefits and have incurred other economic losses.
70. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiffs has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

### VII.   FOURTH CAUSE OF ACTION
**[Vicarious Liability/Respondent Superior]**
**Against Defendant McDonalds/Tucumarci Transfer**

71. The preceding paragraphs are incorporated herein as if fully set forth herein.
72. At all times alleged herein, Fernando, Windy, Kim, Bob Derring, Espi, were the

employees of McDonalds/Farmington acting within his course and scope of his employment and/or agency.

73. Fernando, Windy, Kim, Bob Derring, Espi, acts and omissions are imputed to Defendant McDonalds Farmington..

74. Defendant McDonalds and Bob Derring, are liable as principals for all injuries and damages to Plaintiff resulting from Fernando, Windy, Kim, Bob Derring, Espi, and coworkers conduct, as set forth above.

## VIII.    FIFTH CAUSE OF ACTION

**[Vicarious Liability / Respondent Superior, failure to protect employees in violation of 76-5b-204(2)(a), (3)(c), (4)(a)(b)(c)(f)(g)]**

**Against Defendant McDonalds/Tucumarci Transfer**

1. The preceding paragraphs are incorporated herein as if fully set forth herein.
2. At all times alleged herein, Fernando, Windy, Kim, Bob Derring, Espi was the employee of McDonalds Farmington, acting within his course and scope of his employment and/or agency.
3. Mr.
4. Fernando, Windy, Kim, Bob Derring, and Espi acts and omissions are imputed to Defendant McDonalds Farmington.
5. Defendant McDonalds/Tucumarci Transfer, are liable as principals for all injuries and damages to Plaintiff resulting from Yone Taczn, Fernando, Windy, and Kin's conduct, as set forth above.
6. Plaintiff is a vulnerable adults as defines by UCA 76-5-110.

## JURY DEMAND

Plaintiff requests a jury trial on all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general compensatory damages in the amount to be proven at trial;
2. For economic damages, including but not limited to, front pay, back pay, loss of benefits, as proven at trial.
3. For an award of punitive damages;
4. For pre-judgment interest on the damages assessed by the jury;
5. For reasonable attorney fees and costs;

DATED this 27th day of April, 2018.

**Ron Ball PC**

/s/ Ron Ball
Ron Ball
Attorney for Plaintiff



**DIVISION OF CORPORATIONS AND COMMERCIAL CODE**
**BUSINESS SEARCH**

## DERRING INVESTMENTS, LLC

**Entity Number:** 6552077-0160
**Company Type:** LLC - Domestic
**Address:** 2945 N 2050 E North Logan, UT 84341
**State of Origin:**
**Registered Agent:** NATHANIEL N DERRING
**Registered Agent Address:**
2945 N 2050 E
North Logan, UT 84341

[View Management Team]

### Status: Expired

**Status:** Expired 🔴 *as of 07/06/2009*
**Status Description:** Failure to File Renewal
**Employment Verification:** Not Registered with Verify Utah

### History

[View Filed Documents]

**Registration Date:** 03/28/2007
**Last Renewed:** 03/12/2008

### Additional Information

**NAICS Code:** 5239 **NAICS Title:** 5239-Other Financial Investment Activiti

<< Back to Search Results

Search by:  | Business Name | Number | Executive Name | Search Hints

Business Name:

# REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION
## AND
## REQUEST FOR A NOTICE OF RIGHT TO SUE

You recently indicated a desire to withdraw your charge from the Utah Antidiscrimination & Labor Division (UALD) and request a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

Please note that your charge is presently open with both the UALD and the EEOC. Completing this request will close your case with the UALD.

Charging Party:     Marjorie Grace Keller

Respondent:         McDonalds dba

UALD No.     B6-0159     EEOC No.     35C-2016-00159

I am aware that the EEOC and the UALD protect my right to file a complaint. I have been advised that it is unlawful for any person covered by the anti-discrimination laws to threaten, intimidate, or harass me because I have filed a complaint. I have not been forced to request this withdrawal.

I request the withdrawal of my charge because I plan to file a complaint in a judicial court of law. I hereby request the EEOC to issue me a Notice of Right to Sue. I understand the propriety of issuing the Notice may be challenged in court if the Notice is issued less than 180 days from the date I filed my complaint.

I further request that my charge filed with the Utah Antidiscrimination & Labor Division of the Labor Commission be WITHDRAWN.


_Marjorie Grace Keller_ (signature)     _May 3, 2017_
Marjorie Grace Keller                    Date

| For UALD Use only: | For EEOC Use Only: |
|---|---|
| ____Approve  ____Disapprove | ____Approve  ____Disapprove |
| Division Director _____ | Director _____ |
| Date: | Date: |

Nrts 10/22/2001 (rev)

# CHARGE OF DISCRIMINATION

Utah Anti-Discrimination & Labor Division and EEOC

UALD No:
EEOC No:

**NAME** *(Indicate Mr., Ms., Mrs.)*
Marjorie Grace Keller

**HOME TELEPHONE** *(Include Area Code)*
(480) 319-5691

**STREET ADDRESS    CITY, STATE AND ZIP CODE**
684 N 400 W, Kaysville UT 84037

**DATE OF BIRTH**
Aug 16, 1958

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

**NAME**
McDonalds dba

**TELEPHONE** *(Include Area Code)*

**STREET ADDRESS**
707 W 700 S Ste 204, Woods Cross UT 84087

**COUNTY**
Davis

**NAME**
B Derring

**STREET ADDRESS**
707 W 700 S, 304, Woods Cross UT 84087

**CAUSE OF DISCRIMINATION BASED ON**
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY
☐ GENDER IDENTITY  ☐ SEXUAL ORIENTATION  ☐ RELIGIOUS LIBERTY PROTECTION  ☐ CONTINUING ACTION

**DATE DISCRIMINATION TOOK PLACE**
*EARLIEST* 10/24/2015  *LATEST* 12/08/2015

**THE PARTICULARS ARE** *(If additional space is needed, attach extra sheets(s)):*

**DISCRIMINATION STATEMENT:** I have reason to charge this employer with unlawful discrimination which I attribute to my Gender/ Sexual Harassment, in violation of Title VII of the Civil Right Act of 1964, as amended, the Utah Antidiscrimination Act of 1965, as amended, for the following reasons:
I am a female. I was hired by this employer on or around June 2015 to work as a Crew Person. On October 24, 2015 I was on a ladder and an employee came up and grabbed my breasts and laughed. I was truly offended and could not believe this happened. I reported this incident to the General Manager, Regional Manager and a co-worker and nothing was done. On December 8, 2015 I was cleaning the men's room, same employee came in and I said: "give me a minute", he laughed and was lewd about doing his business in the urinal. I went and told my General Manager as he was aware of the first incident. Lastly I feel that the retaliation and intimidation reflects on the fact of reduced my hours of work. I believe I have been subjected to discrimination based on my Gender/ Sexual Harassment. I also believe I have been subjected to retaliation.

I understand this charge will be filed with both the EEOC and the State or local Agency, if any, unless jurisdictional issues dictate otherwise. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY
State of Utah )
County of Davis ) ss.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF CHARGING PARTY
X *Marjorie Grace Keller*

SUBSCRIBED AND SWORN/AFFIRMED TO ME ON THIS 10 DAY OF February, 2016, by Marjorie Grace Keller
(Charging Party)

Notary Public

2-18-19
My Commission Expires

NOTARY PUBLIC
JENNI GALLEGOS
681668
COMMISSION EXPIRES
FEBRUARY 18, 2019
STATE OF UTAH

