IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARJORIE KELLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION; TUCUMCARI TRANSFER, INC.; and BOB DERRING, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:18-cv-0069<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

Ms. Keller asserts that during her employment at a McDonald's she immediately reported that a male employee fondled her breast while she was assigned to clean the men's restroom. Approximately six week later, Ms. Keller again was assigned to work in the bathroom when the same employee allegedly forced his way into the restroom, exposed himself to her, and used the urinal. Upon reporting his conduct to management a second time, Ms. Keller asserts she was retaliated against by reduced work hours, shift-changes without notification, ostracization, threats to drops her complaints, physical pushing and so forth. Ms. Keller also asserts that the employee who harassed her also harassed other female employees, with management's knowledge, and made threats against her in the parking lot.

Defendant Tucumcari Transfer, Inc. ("Tucumcari")[1] has filed a Motion to Dismiss (ECF No. 7) and Ms. Keller has filed a Motion to Remand (ECF No. 9). For the reasons stated below, the court grants in part Tucumcari's Motion to Dismiss and grants the Motion to Remand.

---

[1] The caption of the Complaint list "Tucumarci" as a defendant. Based on the corporation's

## ANALYSIS

I.   **MCDONALD'S CORPORATION**

Before addressing Tucumcari's Motion to Dismiss and the Motion to Remand, the court addresses a Motion to Dismiss filed by McDonald's Corporation. After McDonald's filed its motion, Ms. Keller filed a Stipulated Dismissal of McDonald's Corporation Without Prejudice (ECF No 15).[2] Because McDonald's has neither answered, nor filed a motion for summary judgment, the voluntary dismissal is self-executing under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. McDonald's is therefore dismissed from the case without prejudice. Accordingly, the court denies as moot its Motion to Dismiss (ECF No. 8).

II.   **TUCUMCARI'S MOTION TO DISMISS**

Tucumcari moves to dismiss with prejudice all claims asserted in the Complaint. Ms. Keller has asserted the following claims: (1) Intentional Infliction of Emotion Distress, (2) Unlawful Employment Practices in Violation of Title VII, (3) Vicarious Liability/Respondeat Superior, and (4) Vicarious Liability/Respondeat Superior in Violation of Utah Code Ann. § 76-5b-204(2) to (4).

   A.   **Title VII Claim**

Ms. Keller was issued a "right to sue" letter on September 28, 2017. The letter informed Ms. Keller that she had to file a complaint within 90 days after receipt of the letter. Right to Sue Letter (ECF No. 7-1); *see also* 42 U.S.C. § 2000e-5(f)(1). Ms. Keller, however, did not file her Complaint until May 21, 2018. Thus, Tucumcari moves to dismiss the Title VII claim as untimely. Ms. Keller has not filed an opposition or provided any contrary information to show

---

registration and the defendant's filings, the proper spelling appears to be "Tucumcari." The court therefore refers to this defendant as Tucumcari.

[2]   About one week later, McDonald's filed another Stipulation of Dismissal Without Prejudice (ECF No. 16).

her claim was filed timely. The court therefore dismisses Ms. Keller's Title VII claim with prejudice.

  B. **State Law Claims**

  i. Intentional Infliction of Emotional Distress

Tucumcari asserts Ms. Keller's intentional infliction of emotional distress claim must be dismissed because it has been preempted by the Utah Antidiscrimination Act ("UADA"). Tucumcari cites to *Gottling v. P.R., Inc.*, 61 P.3d 989 (Utah 2002) for that proposition. In *Gottling*, the Court distinguished other cases from the one before it on the ground that they "were *not* employment discrimination actions, but those for intentional and negligent infliction of emotional distress, assault and battery," and so forth. *Id.* at 996 (citations omitted) (emphasis added). The Court further noted "[i]n this case, the legislature has not taken away an existing right" when it passed the UADA, "but has simply indicated its intent to preempt the creation of a new one." *Id.* at 997. It therefore remains unresolved after *Gottling* whether the intentional infliction of emotional distress claim is preempted by the UADA, especially in light of the Utah Supreme Court's prior case of *Retherford v. AT&T Commc'n of Mountain States, Inc.*, 844 P.2d 949, 967, 970-72 (Utah 1992) (stating UADA does not preempt "intentional infliction of emotional distress" claims).

  ii. Vicarious and Respondeat Superior Liability

Tucumcari also asserts Ms. Keller's other state law claims must be dismissed because it cannot be liable under vicarious or respondeat superior liability, and the final claim is not viable because it relies on a criminal statute.[3]

---

[3] As stated below, the court is granting the motion to remand the State law claims. It therefore does not address the merits of the "Fifth Cause of Action."

Ms. Keller asserts that after she was inappropriately touched management continued to place her in situations where she faced additional harm. Inappropriate touching, subjugation to inappropriate exposure, threats, and jouncing and pushing may give rise to claims besides sexual harassment. Harmful or offensive contact or the threat of such contact also has been addressed under the torts of assault and battery. *See Wagner v. State*, 2005 UT 54, ¶ 19, 122 P.3d 599 (stating the tort of battery arises when deliberate contact is made that is harmful or *offensive*); *Larsen v. Davis County Sch. Dist.*, 2017 UT App 221, ¶ 30 n.5, 409 P.3d 114 (stating assault differs from battery because it also applies to the imminent apprehension of harmful or offensive contact). And, these torts are not *per se* "outside the scope of employment as a matter of law." *Clark v. Pangan,* 2000 UT 37, ¶¶ 8, 17, 19, 998 P.2d 268 (concluding battery may fall within the scope of employment for purposes of holding an employer liable under vicarious liability doctrine).[4]

Moreover, in 2016, the Utah Supreme Court stated the law pertaining to vicarious and respondeat superior liability has evolved over the years, and the lines now may not be clear when such liability applies. *M.J. v. Wisan*, 2016 UT 13, ¶¶ 55-60, 371 P.3d 21. This is particularly so in the context of sexual misconduct because policy principles recognize employers should be incentivized to "reduce the incidence of tortious conduct" in the workplace, particularly when an employee's tortious conduct is foreseeable. *Id.* ¶¶ 51, 60. Finally, "[e]ven when the doctrine of respondeat superior is inapplicable, an employer may be liable for its negligence in the hiring or

---

[4] The Court did state in *Clark* that it had not had the opportunity to address whether "an employee's sexual misconduct falls outside the scope of employment as a matter of law." *Clark*, 2000 UT 37, ¶ 13 n. 3 (citation omitted). The case, however, was decided sixteen years before *M.J. v. Wisan*, 2016 UT 13, ¶¶ 60-61, 371 P.3d 21, where the Court rejected the notion that sexual misconduct always falls outside the scope of employment. Even if the Utah Supreme Court had concluded that sexual misconduct always falls outside the scope of employment, Ms. Keller's allegations include more than just sexual misconduct. She also asserts she experienced other threats and jouncing and pushing.

4

supervision of an employee." *Birkner v. Salt Lake County*, 771 P.2d 1053, 1059 (Utah 1989) (citations omitted); *see also Retherford*, 844 P.2d at 967, 972-74 (Utah 1992) (stating UADA does not preempt "negligent employment" claims such as negligent hiring and supervision).

The court recognizes that the Utah Workers' Compensation Act and other State laws may bear on the viability of such claims, but at the Motion to Dismiss stage, Ms. Keller has raised troubling facts regarding her employment that are accepted as true, and the court must "draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Peck v. State*, 2008 UT 39, ¶ 2, 191 P.3d 4 (citation omitted). Applying this standard here, the court concludes it is not obvious that Ms. Keller has failed to state an "intentional infliction of emotional distress" claim or a vicarious or respondeat superior claim. The court further concludes, however, that due to the complex interplay of State laws, a State court is in the best position to determine how each of the State law claims should proceed. This court therefore declines to rule on the portion of the Motion to Dismiss that pertains to the State law claims and remands the case for the reasons stated below.

### III. MOTION TO REMAND

On May 2l, 2018, Plaintiff Marjorie Keller filed suit against the defendants in the Second District Court, Davis County. Tucumcari filed a Notice of Removal on June 11, 2018 based on federal question jurisdiction arising from Ms. Keller's Title VII claim for sexual harassment and retaliation.

Thereafter, Tucumcari filed its Motion to Dismiss and Ms. Keller filed her Motion to Remand on the basis that diversity jurisdiction is lacking. Tucumcari opposed the Motion to Remand on the ground that diversity jurisdiction is not required because the court has federal

question jurisdiction. Having dismissed the Title VII claim, however, the court no longer has federal question jurisdiction.

Additionally, State law claims now predominate and raise complex issues of State law. This case also is in the early stages of litigation. For these reasons, and pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction and grants Ms. Keller's Motion to Remand.

## **CONCLUSIONS**

For the reasons stated above, the court DENIES AS MOOT the Motion to Dismiss filed by McDonald's Corporation (ECF No. 8) because McDonald's has been voluntarily dismissed without prejudice as a party.

The court GRANTS IN PART Tucumcari's Motion to Dismiss (ECF No. 7). The court grants the motion to dismiss the Second Cause of Action for Unlawful Employment Practices under Title VII because the action is untimely. The court declines to address the remainder of the motion because it involves state law claims that will be addressed upon remand.

The court GRANTS the Motion to Remand (ECF No. 9) and directs the Clerk of Court to remand this case to the Second Judicial District Court in and for Davis County, State of Utah.

SO ORDERED this 11th day of September, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge